**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**MAY 20 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JULIO ARMANDO REYNAGA-
CORTES,

    Defendant - Appellant.

No. 04-2043
(D. New Mexico)
(D.Ct. No. CR-03-218-JC)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Julio Reynaga-Cortes pled guilty to possession with intent to distribute 100

kilograms or more of marijuana and aiding and abetting possession with intent to

distribute. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. § 2. He

sought and was denied a downward adjustment based on the safety valve

provision, United States Sentencing Commission, <u>Guidelines Manual</u>, §5C1.2

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

(Nov. 2003).[1] The Government argued Reynaga-Cortes twice was untruthful "about aspects of what he was saying" during his debriefing and "ultimately he indicated that he was fearful of the other people involved, and did not want to talk about the co-defendants." (Appellant Br. Att. B at 2.) The district court found Reynaga-Cortes did not provide the information necessary to qualify for the adjustment. Exercising jurisdiction pursuant to 18 U.S.C. § 3742, we affirm.

On appeal, retained counsel, pursuant to *Anders v. State of California*, submitted a brief and seeks to withdraw asserting there are no grounds to challenge the district court's denial of a downward adjustment and there exists no other non-frivolous issues for appeal. 386 U.S. 738 (1967). Under *Anders*, we must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id*. at 744. After carefully reviewing the record, we find the district court did not err in denying the downward adjustment and no non-frivolous issues exist.[2]

In addition to the *Anders* brief, Reynaga-Cortes filed a *pro se* letter in

---

[1]USSG §5C1.2 authorizes the district court to impose a sentence according to the guidelines without regard to a statutory minimum sentence if the court finds the defendant meets certain qualifications. One of the qualifications provides that the defendant, not later than the time of the sentencing hearing, truthfully provides all information related to the offense or offenses that were part of the same course of conduct. *See* USSG §5C1.2(a)(5).

[2]The recent Supreme Court decision in *U.S. v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), does not impact the safety valve provision. *United States v. Payton*, 2005 WL 1030462 (10th Cir., May 4, 2005).

which he asks for a second chance.  However, he raises no cogent argument or legal authority regarding the actions of the district court.

Counsel's request to withdraw is GRANTED and the judgement and sentence are AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge